[No. 31682. Department Two. June 21, 1951.]

RONALD KERSHAW, *Appellant*, v. JOHN W. YOUNG, *Respondent*.[1]

*Velikanje & Velikanje* and *John S. Moore, Jr.*, for appellant.

*D. V. & Lane Morthland*, for respondent.

[1] Reported in 232 P. (2d) 840.

MALLERY, J.—The defendant bought three wind machines for seventy-five dollars each from the plaintiff for use in his orchard to lessen damage from frost. He gave his promissory note for two hundred twenty-five dollars in payment, and secured it by a chattel mortgage on the machines. When the note and mortgage became past due and unpaid, plaintiff commenced to foreclose his mortgage by notice and sale. The defendant caused the proceeding to be removed to the superior court, and there interposed a defense of failure of consideration on the note arising out of a breach of warranty. The court found that one machine was as represented, but that two of them were useless for the purpose intended, by reason of their bad mechanical condition, and that there was a breach of warranty as to them.

We set out all of the testimony upon the question of the value of the two machines, the defective condition of which constituted the breach of warranty with which we are here concerned. This is taken from the cross-examination of the plaintiff. No other evidence as to the value of the machines appears in the record.

"Q. Now, these machines, of course, if they weren't in running order, weren't worth anything, isn't that right? I mean as an abstract proposition— A. Uh-huh. Q. —none of these machines. A. That's right. . . .

"Q. If these machines were in fact not in running condition, they weren't worth the $75 you sold them for; that's right isn't it? A. The machines were worth what we sold them for. Q. I say, if they in fact were not in running condition, they wouldn't be worth the $75, would they? A. Why, I wouldn't be any judge of that. You have your battery; you have your propeller; *you've got close to that right there,* and you have your stand and you have your— Q. Were you selling the batteries— A. Oh, yes. Q. —and propellers, or selling the machine as a whole? A. The whole unit, of course, but they're interchangeable, these machines are interchangeable. Q. Yes; I know, but the machine had no value unless it would turn that propeller consistently to make a draft in an orchard, did it? A. It has to be one working unit or it isn't any good, of course. Q. Yes, if it has any value, it has to be one working unit, of course. A. That's right." (Italics ours.)

The court granted judgment for the price of the one good machine in the amount of seventy-five dollars, plus attorney's fees and costs, and foreclosed the lien on all three of the machines for that amount. The plaintiff appeals.

■ The appellant contends the court erred in finding there was a breach of warranty. Conceiving this to be a question of fact only, we resolve it by holding that the record supports the court's finding.

Appellant contends that respondent did not sustain the burden of proof on his affirmative defense by reason of failure to establish either the value of the defective machines or that they were worthless. To this, the respondent answers that he asked for no affirmative relief and did not ask for rescission of the contract or for damages for breach of warranty, and that, therefore, he had no burden of proof as to the value of the machines.

We quote from respondent's brief:

"He [respondent] simply says to the court, in effect, 'I find that two of the machines I bought are worthless for the purpose for which I bought them and I do not believe I should be required to pay for those two.'"

The respondent did not return the machines or offer to return them, nor did he indicate any dissatisfaction with them until suit was brought.

The remedies for breach of warranty are found in Rem. Rev. Stat., § 5836-69 [P.P.C. § 852-7]:

"(1) Where there is a breach of warranty by the seller the buyer may at his election: (a) Accept or keep the goods and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price; (b) Accept or keep the goods and maintain an action against the seller for damages for the breach of warranty; (c) Refuse to accept the goods, if the property therein has not passed, and maintain an action against the seller for damages for the breach of warranty; (d) Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return. them to the seller and recover the price or any part thereof which has been paid."

■   Respondent's contention would be correct if he could bring himself under subd. (1) (d) as quoted above. However, it is not available to him because he did not return the machines or offer to do so. His remedy is obviously only under subd. (1) (a). Under this subdivision of the section, he is entitled to such "recoupment in diminution or extinction of the price" as he can prove flows from a breach of warranty.

We have heretofore held herein that there was a breach of warranty. Our question is: How much damage did respondent prove to support his claim for recoupment?

There was no attempt to prove any special damage, and the only testimony as to the value of the defective machines is that heretofore set out. We think that, by every reasonable intendment, the testimony means that the machines were worth "close to" seventy-five dollars each for their parts, even though they were inoperable. Accordingly, we find that respondent failed in his proof of his affirmative defense.

Both parties have cited *Huntington v. Lombard,* 22 Wash. 202, 60 Pac. 414, in support of their positions. It antedates the uniform sales act and, hence, is not an interpretation of it. Yet, while what has been said heretofore is decisive of the instant case, it deserves passing comment because of its factual similarity. The two cases differ in principle only on the question of the proof of value of the things which were mortgaged.

In *Huntington v. Lombard, supra,* the defendant had given a note and mortgage on certain arid lands and irrigation pumps in payment of the purchase price. No complaint was made prior to foreclosure proceedings. Breach of warranty was then interposed as a defense. The court permitted this and assumed, in the absence of controversy thereon, that the land and pumps had no value. Foreclosure for the full amount of the note and mortgage was decreed, with the proviso that no deficiency judgment be taken.

We direct attention to the effect of this proviso. It gave the plaintiff the full benefit of any price that might be paid

on the foreclosure sale up to the amount of the mortgage, and prevented the possibility of an anomalous situation arising in which there could be any part of the foreclosure sale price returnable to the defendant before the plaintiff was paid in full.

We see no conflict in this with our instant holding that failure to prove the controverted question of value of the mortgaged machines deprives the respondent of a right to such a proviso against a deficiency judgment. In other words, in cases involving both a lien foreclosure and Rem. Rev. Stat., § 5836-69, subd. (1) (d), where no return or offer of return of the goods are made and breach of warranty is interposed as a defense, the seller may have full recourse to the thing mortgaged, but without the right to a deficiency judgment beyond the value of the mortgaged thing which the defendant succeeds in proving.

The judgment is reversed, with directions to enter judgment for appellant as prayed in his complaint.

SCHWELLENBACH, C. J., GRADY, HAMLEY, and WEAVER, JJ., concur.

---

July 19, 1951. Petition for rehearing denied.